NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Goetz BAIER<br><br>    Appellant,<br><br>v.<br><br>PRINCETON OFFICE PARK, LP,<br><br>    Appellee. | Civil No. 10-3314 (AET)<br><br>**OPINION & ORDER** |

THOMPSON, U.S.D.J.

I. INTRODUCTION

This matter has come before the Court upon Appellant Goetz Baier's Appeal of the Bankruptcy Court's decision granting the Appellee Princeton Office Park, L.P.'s Motion to Expunge. The Court has decided the appeal upon the submissions of both parties and without oral argument. For the reasons stated below, the Appeal is denied, and the Bankruptcy Court's decision is affirmed.

II. BACKGROUND

Appellee, Princeton Office Park, L.P. ("Debtor"), is a New Jersey limited partnership that owns property located at 4100 Quakerbridge Road, Lawrence Township, NJ (the "Property"). (Opp'n Br. 2) [8]. Appellant, Goetz Baier, invested $750,000.00 with Success Treuhand GmbH ("Success"), in return for a share of the financial benefits Success would be receiving as a limited partner of the Debtor. (*Id.* 4.) In 2005, Baier decided to terminate his investment. Baier accordingly sought an agreement with Lawrence R. Berger, on behalf of United States Land

-1-

Resources, L.P. ("USLR"),[1] whereby Baier would be repaid 100% of his investment upon his execution of a General Release, payment being due no later than December 31, 2005. (Br. of Appellant 4) [5]. The payment deadline was extended to February 15, 2006, and then to July 31, 2006. (App. Ex. 10) [5-2]. Berger subsequently agreed to pay 10% interest retroactive to January 8, 2006. (App. Ex. 11, Letter from Lawrence S. Berger to Goetz Baier, October 25, 2006.) In a letter dated June 4, 2007, Berger stated that funds were available to pay the $750,000 plus interest and also requested that Baier sign an updated release form as to all parties. (App. Ex. 12.) However, payment was never made.

On October 28, 2008, Baier filed a Complaint in this district, *see Baier v. Berger et al.*, Civ. No. 08-5296,[2] suing defendants G.E.W. Building Associates, L.P., United States Realty Resources, Inc., USLR, Berger, and Debtor, to enforce the purchase of his investment with interest. (App. Ex. 1.) Unbeknownst to Baier, Debtor had filed for Chapter 11 bankruptcy on September 9, 2008, and had not listed Baier as a creditor. (Br. of Appellant 2.) After being notified of the bankruptcy proceeding, Baier filed on October 26, 2009, a Motion for Leave to File Proof of Claim, (App. Ex. 2), which was granted, (App. Ex. 3). Debtor moved to expunge Baier's claim on January 5, 2010, (App. Ex. 4), and Baier opposed this motion, (App. Ex. 5). After briefing and oral argument on March 8, 2010, and again on May 18, 2010, Judge Kaplan granted Debtor's motion to expunge Baier's claim.

On June 30, 2010, Baier filed the present appeal of the Order expunging his claim [1].

---

[1] USLR is the managing member of Princeton Office Park, GP, L.L.C., which is the general partner of the Debtor. (Opp'n Br. 2); (App. Ex. 4, at 7.)
[2] Motions for summary judgment in that case are currently pending before Judge Sheridan.

-2-

### III. ANALYSIS

**A.  Standard of Review for Bankruptcy Appeals**

Federal district courts have jurisdiction to review bankruptcy decisions under 28 U.S.C. § 158(a).  In reviewing a bankruptcy decision on appeal, a district court may not set aside findings of fact unless they are "clearly erroneous."  Fed. R. Bankr. P. 8013; *Chemetron Corp. v. Jones,* 72 F.3d 341, 345 (3d Cir. 1995).  A finding is "clearly erroneous" where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  This standard does not allow a reviewing court to reverse a finding "simply because it is convinced that it would have decided the case differently." *Id.*  Accordingly, "where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)).

A bankruptcy court's legal conclusions, on the other hand, are subject to *de novo*, or plenary, review.  *In re Nickels Midway Pier, LLC*, 348 F. App'x 781, 783 (3d Cir. 2009) (citing *In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005)).  Mixed findings of fact and law must be broken down and the applicable standards must be appropriately applied to each component. *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).  Where the appeal "calls for reviewing the Bankruptcy Court's application of law to the facts of [the] case . . . whether the application of law to fact was proper, is reviewed as an ultimate fact and is subject to plenary review because it is, essentially, a conclusion of law." *In re 15375 Memorial Corp. v. Bepco, L.P., * 589 F.3d 605, 616 (3d Cir. 2009) (citation omitted).

### B. Bankruptcy Claim Allowance

Under Bankruptcy Code § 502, a properly filed claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502. A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). For a claim to be considered prima facie valid, a creditor must allege facts sufficient to support the claim. *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Once a claimant has alleged facts sufficient to support its claim, the burden shifts to the objector to produce evidence "equal in force to the prima facie case" in order to negate one or more sworn facts in the proof of claim. *Id*. If the objector sufficiently negates one or more of the sworn facts, the burden reverts to the claimant to prove the validity of the claim by a "preponderance of the evidence." *Id.* The burden of persuasion is always on the claimant. *Id.*

Baier properly filed a proof of claim, supported by the following documents: a copy of the district court complaint, a handwritten note dated June 30, 2005, a General Release dated October 25, 2005, and several letters from Berger. (App. Ex. 2.) This claim alleged facts sufficient for prima facie validity. In order to expunge Baier's claim, Debtor submitted a Verified Motion that relied upon the documents Baier submitted and identified why none of the documents evidenced an obligation from Debtor to Baier. (App. Ex. 4.) This objection sufficiently negated the sworn facts alleged, leaving the burden on Baier to prove the validity of the claim by a preponderance of the evidence. The Bankruptcy Judge concluded that Baier failed to satisfy this burden and therefore granted the Motion to Expunge. (Tr. of Hr'g March 8, 2010, at 22 ("[T]here is not a quantum of evidence sufficient to satisfy the burden that the creditor has as far as burden of persuasion that there is a claim due and owing from Princeton Office Park.")) [9]; (Tr. of Hr'g

May 18, 2010, at 31 ("[W]hat I still do not have even at this point in time is an evidentiary basis to find that there is the obligation owing by the debtor on the $750,000 claim.")) [11]. [3]

### C. Bankruptcy Judge's Finding That Debtor Was Not A Direct Obligor

Whether the Debtor was an obligor on the payment owed to Baier was a factual determination. Accordingly, on appeal we review that factual determination for clear error. Because we agree that the evidence before the Bankruptcy Judge showed that Debtor was not bound by any obligation to Baier, we conclude that the judge's decision to expunge Baier's claim was not clearly erroneous.

In his oral opinion, the judge concluded that "[t]he evidence points only to, at a bare minimum, USLR as being the obligor." (Tr. of Hr'g May 18, 2010, at 31) [11]. The judge gave weight to the following evidence: (1) an October 3, 2005, letter from Berger referring to "USLR's repurchase of [Mr. Baier's] interest in the Princeton project;" (2) an October 17, 2005, letter from Baier in which he confirmed the agreement to resell the Princeton investment and provided a signature line on behalf of "United States Land Resources, L.P."; (3) a December 20, 2005, letter from Berger on USLR letterhead, stating "we will not be in a position to purchase . . . by year end 2005"; (4) the October 25, 2006, letter from Berger stating that "USLR is obligated to pay interest at the rate of ten percent per annum." (*Id.* at 29–30.) The judge found that this evidence outweighed any implication of the Debtor's obligation suggested by the June 4, 2007, correspondence in which Berger referred to "the Princeton Office Park purchase of Mr. Baier's partnership interest," (App. Ex. 12). (*See* May 18th Tr. at 31.) Moreover, the judge noted that the listing of Debtor's name in the General Release signed by Baier was not dispositive because

---

[3] Although the transcripts of the March 8th and May 18th hearings were not included as part of the record submitted by Appellant, and instead have been provided by Appellee under separate cover, we consider the transcripts to be appropriate materials for our review of the Bankruptcy Judge's decision.

several parties may be benefited by a release without all being obligated to make the payment stated in the release.  (*Id.*)

Based on the reasons set forth in the transcript of the hearing, it is apparent that the judge conscientiously considered the documents submitted as evidence in reaching the factual determination that Debtor was not an obligor.  There is therefore no indication that a mistake was committed.  While the opposite conclusion may be suggested by the inclusion of the Debtor's name on the General Release form and the June 2007 letter, we cannot say that it was clear error to conclude that, in light of the rest of the evidence, those two documents failed to satisfy the preponderance standard that applies to a proof of claim.  Accordingly, the judge's factfinding was not clearly erroneous, and must be upheld.

### D.  Bankruptcy Judge's Application of Partnership Law

Baier argued before the Bankruptcy Judge that, even if Debtor was not bound directly, USLR bound the Debtor in its capacity as a general partner of the Debtor.  (Br. of Appellant 10–11.)  In his oral opinion, the judge noted that "the October 17th letter doesn't reference that capacity and none of these letters reference USLR acting as manager, as agent, as general partner for any other entity."  (May 18th Tr. at 30.)  We proceed to consider whether the judge correctly applied New Jersey's law of agency and partnership.

Under New Jersey's Uniform Partnership Act ("UPA"), there are two avenues by which a partner may bind a partnership: (1) through acts carried out in the ordinary course of the partnership business; or (2) through a wrongful act or omission or actionable conduct in the ordinary course of business.  As neither alternative supports Appellant's position, we conclude that any error by the Bankruptcy Judge in not explicitly addressing this law was harmless.

Regarding the first alternative, the UPA provides:

> Each partner is an agent of the partnership for the purpose of its business. An act of a partner, including the execution of an instrument in the partnership name, for apparently carrying on in the ordinary course the partnership business or business of the kind carried on by the partnership binds the partnership, unless the partner had no authority to act for the partnership in the particular matter and the person with whom the partner was dealing knew or had received a notification that the partner lacked authority.

N.J.S.A. 42:1A-13(a). The Bankruptcy Judge's oral opinion did not explicitly state the legal conclusion that the Debtor was not bound because USLR was not carrying on in the ordinary course of the partnership business. Instead, the judge pointed out that the letters failed to indicate that USLR was acting as a general partner for the Debtor. Applying the law *de novo* to the facts drawn by the Bankruptcy Judge, we conclude that, if the documents in question do not even refer to USLR's role as general partner for the Debtor, they are unlikely to have been executed in the ordinary course of the partnership business. This legal conclusion is buttressed by two key facts of record. First, whereas the statute provides as an example of a partner's act "the execution of an instrument in the partnership name," none of the letters here were signed by Berger in the Debtor's name. Second, Baier invested his money with Success, not the Debtor, and nothing in the facts suggests that the purchase or sale of investment interests is business of the kind carried on by the Debtor; rather, the Debtor's business appears to be the management of the real property held in its name.

Regarding the second alternative, New Jersey's UPA provides:

> A partnership is liable for loss or injury caused to a person, or for a penalty incurred, as a result of a wrongful act or omission, or other actionable conduct, of a partner acting in the ordinary course of business of the partnership or with the authority of the partnership.

N.J.S.A. 42:1A-17(a). The Bankruptcy Judge did not discuss whether USLR's failure to pay constituted a "wrongful act or omission, or other actionable conduct." Applying the law *de novo*

to the facts drawn by the Bankruptcy Judge, there are two reasons why this agency theory must fail. First, New Jersey cases addressing partnership liability based on loss or injury from partner misconduct arise solely in the context of tortious conduct. *See, e.g.*, *Eule v. Eule Motor Sales*, 170 A.2d 241, 245 (N.J. 1961) (finding husband's partnership liable to wife for her injury resulting from husband's negligent operation of partnership automobile); *Malanga v. Mfrs. Cas. Ins. Co.*, 146 A.2d 105, 108 (N.J. 1958) (addressing insurance policy indemnifying partnership against liability for assault and battery); *Staron v. Weinstein*, 701 A.2d 1325, 1328 (N.J. Super. Ct. App. Div. 1997) (discussing law firm's vicarious liability for legal malpractice). Here, assuming there was a valid agreement, USLR's failure to pay could only be considered a contractual breach. Second, for the reasons stated above, the record evidence does not show that USLR was acting "in the ordinary course of business" of the Debtor as opposed to acting on its own behalf.

Thus, New Jersey's partnership law, as applied to the facts of this case, supports the Bankruptcy Court's decision to expunge Baier's claim.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 2nd day of February, 2011,

ORDERED that the Appeal from Bankruptcy Court [docket # 1] is DENIED; and it is

ORDERED that the decision of the Bankruptcy Court is hereby AFFIRMED.

                                                                    */s/ Anne E. Thompson*
                                                 ANNE E. THOMPSON, U.S.D.J.